**IT IS ORDERED as set forth below:**



**Date: September 4, 2025**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>Oscar Cook,<br><br>    Debtor. | CASE NO. 25-51151-BEM<br><br>CHAPTER 13 |
| Oscar Cook and Shenita Chism,<br><br>    Plaintiffs,<br><br>v.<br><br>McCalla Raymer Leiber Pierce, LLC, Selene Finance, and U.S. Bank Trust N.A.,<br><br>    Defendants. | ADVERSARY PROCEEDING NO.<br>25-05047-BEM |

**ORDER**

On March 4, 2024, Plaintiffs Oscar Cook and Shenita Chism filed a Complaint against Defendants McCalla Raymer Liebert Pierce, LLC ("McCalla"), Selene Finance ("Selene"), and U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for

RCAF Acquisition Trust ("U.S. Bank" or collectively, "Defendants") for violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"), and attempted wrongful foreclosure [Doc. 1] and amended the complaint on April 25, 2025 (the "Amended Complaint"). [Doc. 7]. On May 9, 2025, Selene and U.S. Bank each filed an *Answer and Defenses to Plaintiffs' Complaint* [Docs. 11-12] and amended their answers and defenses on June 13, 2025. [Docs. 19-20]. On May 30, 2025, McCalla filed a *Motion to Dismiss* (the "Motion") arguing that McCalla gave proper foreclosure notice, so Plaintiffs fail to state a claim for relief against McCalla under Federal Rule of Civil Procedure ("Rule") 12(b)(6). [Doc. 14].

On June 30, 2025, Plaintiffs filed a *Response to Motion to Dismiss* (the "Response") [Doc. 22] arguing: (1) McCalla's Motion does not cite to any Georgia case law supporting the claim that a jointly addressed foreclosure notice is satisfactory; (2) the Court is not bound by the opinion and recommendation cited in McCalla's Motion; (3) this specific issue of notice has been litigated in the state of New York in cases in which McCalla was also a party, and such cases required separately-mailed notice; (4) Washington state also requires separate notice; and (5) the incurred mailing cost of a separate notice is outweighed by the impact of not providing separate notice. On July 14, 2025, McCalla filed a *Reply to Response* (the "Reply") [Doc. 23] arguing, conversely, that Plaintiffs fail to cite to Georgia or Eleventh Circuit case law prohibiting a jointly addressed foreclosure notice or requiring separate notices for two parties entitled to notice at the same address, New York state has judicial foreclosures unlike in Georgia, and thus Plaintiffs have not stated a claim for relief under Rule 12(b)(6).

2

**Allegations of Fact**

As Plaintiff's Amended Complaint only attaches a different document for Exhibit A, Plaintiffs' Complaint will be used to reference the alleged facts, and any references to Exhibit A will be to the Amendment at Doc. 7. Counts One and Two of Plaintiffs' Complaint set forth the following facts relevant to McCalla's Motion: McCalla and Selene are engaged in the business of collecting debts. [Doc. 1 ¶ 5, 8]. Selene collects debts for U.S. Bank. [*Id.* ¶ 16.] The debt McCalla seeks to collect is an arrearage on a mortgage loan (the "Loan") for real property located at 7782 Parkside Drive, Lithia Springs, Douglas County, Georgia 30122 (the "Property"), which is Plaintiffs' residence. [*Id.* ¶ 7 & Ex. A]. Plaintiff Cook entered into a mortgage that was secured by a non-defendant party. [Id. ¶ 47]. U.S. Bank filed a proof of claim in Plaintiff Cook's prior bankruptcy case, No. 24-59269, claiming that it was the current creditor on the Property. [*Id.* ¶ 17]. Plaintiff Chism is a co-debtor on the Property. [*Id.* ¶ 4]. On December 18, 2024, McCalla and Selene sent a Notice of Nonjudicial Foreclosure Sale (the "Notice") addressed to Oscar L. Cook and Shenita Chism via certified mail with a copy sent via first class mail. [*Id.* ¶ 18 & Ex. A]. The Notice was not given to each Plaintiff individually but was sent in one letter addressed to both. [*Id.* ¶ 21]. The Notice was an attempt to collect a debt and give notice of foreclosure, and sought the entire outstanding balance of principal and interest owed on the Loan, as well as attorney fees. [*Id.* ¶ 19].

**Discussion**

*Motion to Dismiss Standard*

McCalla seeks dismissal of the claims against it, set forth in Counts 1 and 2 of the Complaint, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012, which incorporates Rule 12(b)(6), for failure to state a claim upon which relief can be granted. "The scope

3

of the review [in a 12(b)(6) motion] must be limited to the four corners of the complaint." *Sheffield v. U.S.* (*In re Sheffield*), AP No. 19-04004, 2019 WL 3986290, at *1 (Bankr. M.D. Ga. Aug. 22, 2019) (quoting *St. George v. Pinellas Co.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

As explained by the Supreme Court in both *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), a complaint must contain sufficient facts that, accepted as true, "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. When deciding a Rule 12(b)(6) motion, "the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Lubin v. Markowitz (In re Markowitz)*, AP No. 16-5221-BEM, 2017 WL 1088273, at *3 (Bankr. N.D. Ga. Mar. 22, 2017) (Ellis-Monro, J.) (citations omitted). "However, the Court is not required to accept as true legal conclusions couched as factual allegations or unwarranted deductions of fact." *Bank of Am. v. Seligman* (*In re Seligman*), 478 B.R. 497, 501 (Bankr. N.D. Ga. 2012) (Ellis-Monro, J.) (citation omitted).

*Analysis*

In Count One of the Complaint, Plaintiffs assert that McCalla violated 15 U.S.C. § 1692f(b) of the FDCPA[1] because it failed to fully comply with the Georgia foreclosure provisions by not giving each Plaintiff separate notice of the foreclosure sale. Plaintiffs seek to hold McCalla liable for damages in the amount of $5,000 for this violation. In Count Two of the Complaint,

---

[1] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" which includes "(6) [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]" 15 U.S.C. § 1629f(6).

4

Plaintiffs assert that the same conduct constitutes attempted wrongful foreclosure under Georgia law[2] and seek to hold McCalla liable for damages in the amount of $5,000 for emotional distress and punitive damages in the amount of $5,000.

Notice of foreclosure in Georgia is governed by O.C.G.A. § 44-14-162.2 (2021), which states in relevant part:

> (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract *shall be given to the debtor* by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice *shall be in writing*, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and *shall be sent by registered or certified mail* or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm.

*Id.* (emphasis added).

O.C.G.A. § 44-14-162.1 provides, in full:

> As used in Code Sections 44-14-162.2 through 44-14-162.4, the term "debtor" means the grantor of the mortgage, security deed, or other lien contract. In the event the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor, the term "debtor" shall mean the current owner of the property encumbered by the debt, if the identity of such owner has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to Code Section 44-14-162.2.

In Count One, Plaintiffs contend that advertising a foreclosure sale without the right to do so is a violation of 15 U.S.C. § 1692(f)(6). Plaintiffs further contend that McCalla had no right to advertise the Property for foreclosure absent complete compliance with O.C.G.A. § 44-

---

[2] To state a claim for attempted wrongful foreclosure under Georgia law, the plaintiff must show "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1134 (11th Cir. 2014) (quoting *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 320 S.E.2d 228, 232 (1984)).

5

14-162.2 and that McCalla did not completely comply with the statute because it failed to provide separate foreclosure notices to both Plaintiffs.

In Count Two, Plaintiffs contend that McCalla is liable for attempted wrongful foreclosure because it (along with the other Defendants) knowingly and intentionally violated notice provisions under Georgia law and under paragraph 8 of the Note and paragraphs 13 and 14 of the Security Deed, and violated its duty of good faith. As with Count One, the notice provision at issue under Georgia law is O.C.G.A. § 44-14-162.2. The dispositive question for purposes of the Motion is whether the statute requires separate notices when there is more than one "debtor" as that term is defined in § 44-14-162.1.

To qualify as a "debtor" under § 44-14-162.1, Plaintiffs must either be (1) the grantor of the lien on the Property or (2) a transferee and current owner of the Property encumbered by the debt whose identity is known to the creditor. The Complaint alleges that Plaintiff Cook granted the mortgage on the Property. Therefore, he is a "debtor." The Complaint alleges that Plaintiff Chism resides at the Property and is obligated on the debt, but does not allege that she owns the Property or granted a mortgage or other lien on it. However, the Complaint refers to a motion for stay relief filed in Plaintiff Cook's bankruptcy case. [Doc. 1 ¶ 4; Case No. 25-51151, Doc. 23]. One of the exhibits to that motion is a printout of information from Douglas County showing the primary owners of the Property as "Cook, Oscar L. & Chism, Sherita" as of September 19, 2017. [Case No. 25-51151, Doc. 23, Ex. E]. The Court finds this is sufficient to allege Plaintiff Chism is a current owner of the Property. Therefore, the Complaint alleges both Plaintiffs are "debtors" under O.C.G.A. § 44-14-162.1.

While § 44-14-162.2(a) states that written notice of a foreclosure must be sent to the "debtor" instead of "debtors" or other language indicating more than one debtor, there equally

is no plain language indicating that notice must be sent to each debtor individually when there is more than one debtor. *See Campbell v. Bank of America, N.A.*, 1:10–cv–3657–JEC, 2012 WL 879222 (N.D. Ga. Mar. 12, 2012). In *Campbell*, plaintiff asserted a wrongful foreclosure claim, arguing that the foreclosure notice addressed to the plaintiff and her former spouse, as co-owners of the property, and sent to the property address by certified mail was deficient because defendant should have sent separate, individual foreclosure notices to each of the former spouses as defendant was aware of plaintiff's divorce. *Id.* at *4. The district court stated that O.C.G.A. § 44-14-162.2 "does not mandate that each potential owner receive an individually-addressed and mailed notice" of foreclosure. *Id.* Instead, the statute provides, "quite plainly, that notice 'shall be sent by registered or certified mail ..., return receipt requested, *to the property address or such other address as the debtor may designate by written notice to the secured creditor*.'" *Id*. (emphasis in original).

United States Magistrate Judge E. Clayton Scofield III reasoned similarly in *Grant v. Deutsche Bank National Trust Company*, 1:14-CV-133-RWS-ECS, 2014 WL 12115971, at *1, 6-10 (N.D. Ga., May 30, 2014). In *Grant*, Judge Scofield recommended that the plaintiff's claims for attempted wrongful foreclosure and violating Georgia's notice of foreclosure statute be dismissed because "notice was actually addressed to both [the joint-tenant] and Plaintiff at the subject property's address." *Id.* at *7. Further, Judge Scofield stated that O.C.G.A. § 44-14-162.2 "does not mandate that each potential owner receive an additionally-addressed and mailed notice." *Id.* (quoting *Campbell*, 2012 WL 879222, at *4).

Here, both Plaintiffs reside at the Property. The Notice was addressed to both Plaintiffs, and Plaintiffs do not allege that the address was incorrect. In fact, Plaintiffs do not allege any deficiency with the form or contents of the Notice. Instead, Plaintiffs' sole argument from

7

which the alleged damages stem is that the Notice should have been sent to Plaintiffs separately and individually. Since the Notice was jointly mailed, foreclosure was allegedly wrongful and the FDCPA was violated. The relevant case law and plain language of Georgia's notice of foreclosure statute do not support Plaintiff's argument. O.C.G.A. § 44-14-102.2 requires that notice of foreclosure be sent by certified mail. As stated in Plaintiffs' Complaint, Notice was sent via certified mail with a copy sent by first class mail. Further, the plain language of Georgia's notice statute does not prohibit jointly addressed notices nor require separate notices for debtors who reside at the same address. Thus, the Notice meets all the requirements of O.G.C.A. § 44-14-102.2. Because Plaintiffs have failed to allege a defect in the Notice sent by MaCalla, they cannot state a claim against McCalla for violation of the FDCPA or for attempted wrongful foreclosure. Accordingly, it is

>ORDERED that the claims against McCalla are DISMISSED.

**END OF ORDER**

**Distribution List**

Oscar Cook
7782 Parkside Dr.
Lithia Springs, GA 30122

Shenita Chism
7782 Parkside Dr.
Lithia Springs, GA 30122

Ralph Goldberg
Goldberg and Cuvillier
Suite 432
2295 Parklake Dr NE
Atlanta, GA 30345

William Oxford Tate
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076

John T. Rouse
McGlinchey Stafford, PLLC
Suite 406
1020 Highland Colony Parkway
Ridgeland, MS 39157

Justin K. Sauls
McGlinchey Stafford
Three Energy Square, Suite 400
6688 North Central Expressway
Dallas, TX 75206